UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN DOE,

    Plaintiff,

 -against-          ORDER
                18-CV-1870 (JFB)(AKT)
UNITED STATES MERCHANT
MARINE ACADEMY, ET AL.,

    Defendants.
---------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

  Plaintiff John Doe ("plaintiff") brings the instant action against defendants United States Merchant Marine Academy (the "Academy"), James A. Helis, individually and in his capacity as Superintendent of the Academy, the United States Department of Transportation, and the United States of America (collectively "defendants"), claiming that defendants improperly and unlawfully suspended him as a result of an unfavorable determination at a hearing (the "Hearing") at the Academy, thereby barring him from completing his final term and graduating with his class. The Court assumes familiarity with the facts of this case, which are discussed at length in the Court's April 20, 2018 Memorandum and Order denying plaintiff's motion for a preliminary injunction. Also before the Court is plaintiff's application to proceed anonymously on the grounds that "simply . . . having his name disclosed to the public" will produce irreparable harm, and that plaintiff should be allowed to proceed without bringing about "the very harm he is trying to undo." (ECF No. 5-1 at 4.) For the reasons set forth below, as well as set forth on the record on April 19, 2018, the Court grants plaintiff's motion.

  The Second Circuit has established that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be

balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Court set forth the following non-exhaustive list of factors to consider in making this determination:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (citations omitted). The Court emphasized that this fact-dependent analysis varies based on "other factors relevant to the particular case." *Id.*

Considering these and other relevant factors, the Court finds that plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to defendants. First, this litigation involves conduct that is undeniably of a "highly sensitive and . . . personal nature." *Id.* at 190. Plaintiff has been accused of sexual misconduct, which, as many courts have correctly recognized, is behavior that falls squarely within this category. *See, e.g., EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (explaining that many courts have granted requests for

anonymity in cases involving "sexual activity and behavior" given the risk of "public disapproval, harassment, or bodily harm" were the party's name disclosed).

The Court also finds the fact that the Hearing *was itself kept confidential* to be especially compelling. Like plaintiff, by instructing participants not to disclose information about the proceedings with "anyone outside the room" (Compl. ¶ 35), defendants implicitly recognized the importance of confidentiality in this case. Plaintiff fears that his identification would result in the types of "retaliatory harm" the Court discussed in *Sealed Plaintiff*, such as "educational and employment losses that will follow from being identified as a sexual assailant." (ECF No. 5-1 at 5.) Further, plaintiff argues that he was wrongfully accused. Although this Court has denied the preliminary injunction (and concluded there is no likelihood of success on the merits), plaintiff may appeal that decision and, in any event, the case is still pending. Should plaintiff ultimately prevail in the litigation and obtain a new hearing, and the Academy then reverses its decision, the mere public record of sexual assault allegations could impact plaintiff despite the reversal of the decision. Therefore, by challenging the outcome of the confidential Hearing through this lawsuit, plaintiff risks causing himself the injury he seeks to prevent. *Sealed Plaintiff*, 537 F.3d at 190. Under the particular circumstances of this case (including the severity of the harms from such disclosure), it would be unfair to require a litigant challenging the constitutionality of procedures in this confidential administrative proceeding to disclose his identity in order to invoke his right to judicial review of the procedures. Moreover, there are no alternative measures for protecting the confidentiality of the plaintiff's identity.

The Court finds that none of defendants' arguments against granting anonymity, either individually or cumulatively, outweighs the factors in favor of plaintiff's position. Defendants argue primarily that plaintiff has already disclosed his identity in connection with the Hearing,

thereby forsaking any argument that the highly sensitive and personal nature of the case justifies confidentiality. (ECF No. 13 at 24-25.) In particular, defendants point to the numerous character letters plaintiff solicited from friends who were, thus, privy to information about the allegations and proceeding, as well as plaintiff's Facebook messages to his classmates about the Hearing. (*Id.*) Plaintiff posted three Facebook messages, stating: (1) that he was "found guilty of sexual assault and now [a]wait[s] punishment from [the Superintendent]" (ECF No. 14-5); (2) that he planned to "appeal and fight [his setback] with every ounce of strength that I have" (ECF No. 14-6); and (3) "for those who haven't heard the superintendent has ruled that I committed a serious class 1 violation" (ECF No. 15). As plaintiff argues, however, he sent these Facebook messages to his classmates privately; neither these messages nor his communications with his character references released information about the allegations publicly, as a federal court filing would. In fact, one of the Facebook messages specifically references his need for character letters. (ECF No. 15.) The Court concludes that plaintiff's limited disclosure to his friends for the purposes of supporting his position in connection with the Hearing does not undermine the confidentiality factor in this case that strongly favors plaintiff.

Moreover, defendants do not attempt to convince the Court that they will be prejudiced or there will be any harm to the public interest if the Court grants plaintiff's motion for anonymity, and the Court does not independently find that either of these factors tips the scale in defendants' favor. With respect to the public, this lawsuit focuses upon the constitutionality of the disciplinary procedures utilized by the Academy in the instant case, and the public has the unfettered ability to understand both the factual and legal issues underlying the litigation without reference to the identity of the plaintiff. In other words, the plaintiff's identity is immaterial to the resolution of these purely legal issues based upon the record. Thus, there is little, if any,

4

harm to the public interest in this case if the anonymity motion is granted. In fact, the Court notes that, in other similar cases involving purely legal questions, courts have found it unnecessary to reveal the parties' identities. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[W]here a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process."). In sum, having analyzed these and all the other relevant factors, the Court finds that plaintiff's interest in anonymity outweighs the public interest in disclosure and any prejudice to defendants.

Accordingly, for the foregoing reasons and those stated on the record on April 19, 2018, the Court grants plaintiff's motion to proceed anonymously.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2018
         Central Islip, New York